# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL, | CASE NO. 1:09-cv-00437-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | |
| W. RIEDEL, et al, | (Doc. 1) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     Findings**

Robert McDaniel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 9, 2009. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening. Based on the allegations in the complaint, the Court finds that Plaintiff's § 1983 action is not cognizable as set forth below.

**A.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).

3        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
5  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
7  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
8  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the
9  liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,
10 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not
11 supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union
12 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
13 (9th Cir. 1982)).

14 **II.**     **Summary of Plaintiff's Complaint**

15       Plaintiff is currently housed at Sierra Conservation Center ("SCC") in Jamestown,
16 California, where the events giving rise to this action allegedly occurred. Plaintiff names as
17 defendants: Correctional Officer ("C/O") W. Riedel, Lieutenant T. N. Davis, Lieutenant K. Loyd,
18 Associate Warden Smith, Associate Warden F. X. Chavez, Chief Deputy Warden S. J. Mendoza
19 Salinas, Captain Overstreet, Captain J. Martinez, Ad-Seg Sgt. Cunningham, C/O Molins, C/O
20 Fowler, Warden I. D. Clay, and Matthew Cate.

21       Plaintiff alleges that on June 19, 2008, defendant W. Riedel refused to provide a complete
22 meal to Plaintiff and then falsely reported a battery by Plaintiff. Plaintiff was placed into
23 administrative segregation ("ad seg"). Defendant Cunningham withheld the ad seg lock-up order
24 for more than 5 days. Defendant Warden Clay held ICC (inmate classification committee)
25 hearing on June 26, 2008, without giving Plaintiff 72 hours prior to prepare. On June 30, 2008,
26 defendant Fowler arrived as the IE (investigative employee), and failed to note Plaintiff's
27 evidence and witness requests. Defendant Molins recovered only two tapes from four camears.
28 Defendant T. N. Davis as senior hearing officer altered the I.E. report. Defendant Associate

1  Warden F.X. Chavez failed to follow policy by ignoring the modification order signed by Chief
2  Deputy Warden.  Defendant K. Loyd continued to violate Plaintiff's due process rights on
3  November 21.  Plaintiff while in ad-seg was moved from a dry, non-leaking cell to a cell that
4  had a strong odor of mildew and a wet mattress.  (Doc. 1, Pl.'s Compl. 3-11.)

5        Plaintiff seeks as relief restoration of good time credits and monetary damages.  (Pl.'s
6  Compl. 3.)  Plaintiff also requests discovery items.  However, a discovery request is premature at
7  this time and is accordingly denied.

8  **III.**     **Good Time Credits**

9        Plaintiff requests for relief the restoration of 150 days of good time credits.  In <u>Edwards v.</u>
10 <u>Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine of
11 favorable termination articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison
12 disciplinary hearings.  In <u>Heck</u>, the Court held that a state prisoner's claim for damages for
13 unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a
14 judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or
15 sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been
16 invalidated.  512 U.S. at 487.  In applying the principle to the facts of <u>Balisok</u>, the Court held that
17 a claim challenging the procedures used in a prison disciplinary hearing would necessarily imply
18 the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a
19 challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly
20 brought as a habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser v.</u>
21 <u>Rodriguez</u>, 411 U.S. 475, 500 (1973).

22       Because Plaintiff's request for relief, if successful, would result in Plaintiff's duration of
23 confinement being reduced, Plaintiff does not state a cognizable § 1983 claim.  Plaintiff does not
24 allege that he filed a successful habeas petition for the restoration of his good-time credits.
25 Plaintiff's § 1983 claim will not accrue until the conviction or sentence has been invalidated.
26 Plaintiff's claim should therefore be dismissed, without prejudice.  Because Plaintiff fails to state
27 a cognizable § 1983 claim at this time, the Court declines to address any of Plaintiff's claims.

28

IV. **Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's action, filed on March 9, 2009, be DISMISSED without prejudice. Given the deficiencies with Plaintiff's complaint, the Court recommends that Plaintiff not be given leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2009**                              /s/ **Dennis L. Beck**
                                                                         UNITED STATES MAGISTRATE JUDGE