**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT MCDANIEL,** | 1: 09 - CV - 0437 AWI DLB (PC) |
|         **Plaintiff**, | **ORDER DENYING MOTION TO SET ASIDE ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
|         v. | |
| **W. RIEDEL, et al.,** | **ORDER DENYING REQUESTS FOR CERTIFICATE OF APPEALABILITY AS UNNECESSARY** |
|         **Defendant**s. | |
| | (Documents #20, #22, & #23) |

      Plaintiff is a state prisoner who filed a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  On October 23, 2009, the court adopted the Magistrate Judge's Findings and Recommendations, dismissed the action for failing to state a claim pursuant to 42 U.S.C. § 1983, and stated that the dismissal would count as a strike pursuant to 28 U.S.C. § 1915(g).

      On November 12, 2009, Plaintiff filed a motion to set aside the Order Adopting the Findings and Recommendations.  Plaintiff contends the dismissal should not count as a strike pursuant to 28 U.S.C. § 1915(g).

      On November 17, 2009 and November 18, 2009, Plaintiff filed requests for certificates of appealability.

1    Preliminarily, the court will deny Plaintiff's requests for a certificate of appealability. Pursuant to 28 U.S.C. § 2253, certificates of appealability are only needed to appeal final orders in habeas corpus cases.  Thus, no certificate is needed to appeal this Section 1983 action, and Plaintiff's requests are unnecessary.

   Plaintiff also requests reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure regarding this court's finding that the court's dismissal of the Section 1983 complaint count as a strike.  Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.  Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).  Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).  A judgment is not properly reopened "absent highly unusual circumstances."  Id.  A district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001).  A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).

   Here, the Magistrate Judge found that the claim alleged in the Section 1983 complaint should have been brought in a habeas corpus petition pursuant to Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Plaintiff does not disagree with this finding and does not argue his Section 1983 complaint did state a claim cognizable through Section 1983.  Rather, Plaintiff complains that by finding the dismissal for failure to state a claim in a Section 1983 action will count as a

2

strike, the court's order was unlawful because it is tantamount to a dismissal with prejudice. Title 28 U.S.C. § 1915(g) does not apply to habeas corpus petitions brought pursuant to 28 U.S.C. § 2254.   Thus, Plaintiff can proceed with a habeas corpus petition even if the dismissal in this Section 1983 case counts as a strike.

     Accordingly, the court ORDERS that:

1. Plaintiff's requests for certificates of appealability are DENIED as unnecessary; and
2. Plaintiff's motion to set aside the Findings and Recommendations is DENIED.

IT IS SO ORDERED.

**Dated:   December 23, 2009**                    **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE